**Cassandra L. WOOTEN, et al., Plaintiffs,**

v.

**COUNTY OF HAMILTON, et al., Defendants.**

**No. C–1–81–636.**

United States District Court, S. D. Ohio, W. D.

April 30, 1982.

Gene Mesh, Cincinnati, Ohio, for plaintiffs.

James W. Harper, Asst. Pros. Atty. of Hamilton County, William N. Mire, Cincinnati, Ohio, for defendants.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DELAY CLASS NOTICE

SPIEGEL, District Judge:

This matter came on for consideration of plaintiff's motion and memorandum for an order delaying notice to the class until after the decision on motions for summary judgment (doc. 13), defendants' memorandum in opposition (doc. 15), and plaintiff's reply memorandum (doc. 17). This case was conditionally certified as a class action on January 15, 1982 (doc. 10), the class being all Domestic Relations litigants in Hamilton County, Ohio, who pay an additional $15 filing fee. Plaintiff seeks declaratory and injunctive relief on behalf of the class to the effect that this Court declare Local Rule 9 of the Hamilton County Common Pleas Court in violation of Federal Law and the Equal Protection Clause of the Fourteenth Amendment, and enjoin defendants from continuing to collect an additional $15 filing fee from Domestic Relations litigants. Local Rule 9 requires Domestic Relations litigants filing an action for divorce or dissolution of marriage to pay a filing fee of $70, while all other civil litigants who sue resident defendants are required to pay a filing fee of only $55.

Previously, the defendants moved to dismiss the action for the reason that plaintiff had failed to state a cause of action upon which relief could be granted under Rule 12(b)(6), Fed.R.Civ.P. (doc. 3), and plaintiff opposed same (doc. 5). The Court denied defendants' motion to dismiss, holding that "plaintiff has alleged that a class of persons similarly situated to another class is receiving differential treatment under the laws of the Hamilton County Common Pleas Court without any rational basis for that classification. These allegations are sufficient to state a cause of action for violation of plaintiff's Fourteenth Amendment rights in an action pursuant to 42 U.S.C. § 1983."

After plaintiff had filed her proposed formal notice (doc. 11), as required by the Court, a preliminary conference was held in this action, following which a Preliminary Pretrial Order was issued by the Court (doc. 12), which provided that cross-motions for summary judgment would be filed by November 1, 1982, and discovery would be completed by October 1, 1982. Plaintiff then filed the instant motion for an order delaying notice to the class until the decision on the motions for summary judgment.

We have reviewed the authorities cited by the parties and are persuaded by the reasoning of Judge Teitelbaum in *Haas v. Pittsburgh National Bank*, 381 F.Supp. 801 (W.D.Pa.1974) where, in a somewhat similar situation, Judge Teitelbaum noted that, given the minimal risk to which the defendants may be exposed, the Court should not be required to refrain from considering the merits of a nominal class action until class certification and notice to the class have been accomplished, merely for the sake of form, especially where the defendants themselves have moved for summary judgment.

As noted by plaintiff in her brief, "if plaintiff is successful on her motion and the Court determines that there are no genuine issues of fact and plaintiff is entitled to judgment as a matter of law, or, plaintiff loses her motion and the Court rules genuine issues of fact exist and a trial is required, or, the Court rules that no genuine

issues of fact exist and defendants are entitled to judgment as a matter of law, defendants will not be prejudiced or denied the benefits of the doctrine of collateral estoppel and/or *res judicata* by waiting until such a ruling is made before notice is sent to the class" (doc. 17, p. 3). We see no prejudice to the defendants by granting the instant motion and, in fact, we recognize that it may be of benefit to all parties if the motion is granted and defendants' cross-motion for summary judgment is also granted. Since plaintiff would not have been put to the expense of notifying the class in a losing cause, the members of the class would not have been disturbed by the notice, and it would be difficult to comprehend why the decision of this Court in favor of the defendants would not protect them from any other actions involving members of the putative class and the same issues.

Accordingly, plaintiff's motion to delay notice to the class in the within proceedings until the decision on the cross-motions for summary judgment is hereby granted.

SO ORDERED.